UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AURELIO DURAN GONZALES, et al.,

                        Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY and MICHAEL CHERTOFF,
Secretary of the Department of Homeland
Security,

                        Defendants.

No. C06-1411P

ORDER GRANTING IN PART
PLAINTIFFS' MOTION FOR A
TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW
CAUSE

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. # 2-1).  A hearing on the motion was held on Wednesday, October 4th, 2006.  As announced at the hearing, and as outlined below in the Court's findings of fact and conclusions of law, the Court GRANTS in part Plaintiffs' motion for a temporary restraining order. A show cause hearing is scheduled for November 6th, 2006, at 4:00 p.m. before the Honorable Marsha J. Pechman.  Defendants' papers opposing the preliminary injunction are due on October 18th, 2006.  Plaintiffs' reply is due on October 27th, 2006.

TEMPORARY RESTRAINING ORDER - 1

## II.  FINDINGS OF FACT

1.     Plaintiffs are aliens who have filed I-212 waiver applications within the jurisdiction of the Ninth Circuit in conjunction with their applications for adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i), prior to any final reinstatement determination under INA § 241(a)(5), 8 U.S.C. § 1231(a)(5).  Plaintiffs I-212 applications have been or will be denied by United States Citizenship and Immigration Services (USCIS) pursuant to Defendants' policy of denying I-212 applications where the applicant is inadmissible under INA § 212(a)(9)(C)(i) and ten years have not elapsed since the date of the applicant's last departure from the United States.

2.     Defendant Department of Homeland Security (DHS) is an executive agency of the United States.  The Secretary of DHS is charged with the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of aliens.  United States Citizenship and Immigration Services (USCIS) is a bureau of DHS and is responsible for adjudicating immigration and naturalization applications and establishing immigration services policies.

3.     Defendant Michael Chertoff is the Secretary of DHS.  Plaintiffs are suing Mr. Chertoff in his official capacity.

4.     Plaintiffs provided both written and oral notice to Defendants, through counsel, that they were filing a motion for temporary restraining order in this case.

5.     On August 13th, 2004, the Ninth Circuit issued Perez-Gonzales v. Ashcroft, 379 F.3d 783 (9th Cir. 2004).

6.     On March 31st, 2006, USCIS issued an internal policy guidance entitled "Effect of Perez-Gonzales v. Ashcroft on adjudication of Form I-212 applications filed by aliens who are

subject to reinstated removal orders under INA § 241(a)(5)" ("Perez-Gonzales Memo").  In

Part 3(A) of the Perez-Gonzales Memo, Defendants issued the following directive:

> [I]n any case where an alien is inadmissible under section 212(a)(9)(C)(i) of the INA and 10 years have not elapsed since the date of the alien's last departure from the United States, USCIS should deny any Form I-212 requesting consent to reapply for admission.

7.    Defendants have applied this policy to the applications of Plaintiffs Estrada, Banuelos, and

Andrade.  Defendants denied each of these plaintiffs I-212 applications on the grounds that

these individuals did not qualify for consent to reapply because they are inadmissible under

INA § 212(a)(9)(C)(i) and less than ten years had passed since their last departure from the

United States.

## III.  CONCLUSIONS OF LAW

1.    The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1651, as a civil action arising

under the Constitution and laws of the United States; 5 U.S.C. § 701 et seq., as an action to

compel agency action unlawfully withheld or unreasonably delayed; 28 U.S.C. § 1361, as an

action to compel an officer or employee of the United States or any agency thereof to perform

a duty owed.

2.    INA § 242(f), 8 U.S.C. § 1252(f), does not limit or remove the Court's jurisdiction in this

action.  INA § 242(f) provides as follows:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter . . . other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

Plaintiffs seek injunctive relief to preserve the status quo with respect to applications for

adjustment of status, which are governed by part V of the INA (INA § 245(i), 8 U.S.C.

1255(i)), and I-212 waiver applications, which are governed by part II of the INA (INA §

212, 8 U.S.C. 1182). Plaintiffs do not seek to directly "enjoin or restrain the operation of the

provisions of part IV" of the INA.[1]  Moreover, Plaintiffs are not seeking to enjoin the lawful

application of the INA, but are seeking to enjoin violations of the Act.  As the Ninth Circuit

explained in <u>Ali v. Ashcroft</u>, "[INA § 242(f)(1), 8 U.S.C.] § 1252(f)(1) is inapplicable [where]

[p]etitioners seek not to enjoin the <u>operation</u> of [the INA] but <u>violations</u> of the statute and to

ensure that the provision is properly implemented." <u>Ali v. Ashcroft</u>, 346 F.3d 873, 886 (9th

Cir. 2003), <u>rev'd on other grounds</u>, <u>Ali v. Gonzales</u>, 421 F.3d 795 (9th Cir. 2005) (internal

quotation marks omitted).

3.      Plaintiffs are not required to exhaust their administrative remedies because neither INA § 212

nor 8 C.F.R. § 212.2 requires an administrative appeal.  <u>See</u> <u>Darby v. Cisneros</u>, 509 U.S. 137,

154 (1993) ("[W]here the APA applies, an appeal to 'superior agency authority' is a

prerequisite to judicial review only when expressly required by statute or when an agency rule

requires appeal before review and the administrative action is made inoperative pending that

review."); <u>Chang v. U.S.</u>, 327 F.3d 911, 922 (9th Cir. 2003) ("Absent language foreclosing

immediate judicial review, a district court's subject matter jurisdiction is unaffected by the

availability of non-mandatory administrative procedures.").  Moreover, "where [an] agency's

position on the question at issue appears already set, and it is very likely what the result of

recourse to administrative remedies would be, such recourse would be futile and is not

required." <u>El Rescate Legal Services, Inc. v. Executive Office of Immigration Review</u>, 959

F.2d 742, 747-48 (9th Cir. 1992).  Here, exhaustion would be futile because Defendants have

---

[1]      The relief sought by Plaintiffs under parts II and V of the INA, if granted, will, under <u>Perez-Gonzales</u>, have the effect of impeding reinstatement proceedings under Part IV of the INA — INA § 241(a)(5), 8 U.S.C. § 1231(a)(5).  But that effect is one step removed from the relief sought by Plaintiffs and therefore does not bring this action within the INA § 242(f) jurisdictional bar.

already stated, and applied in a number of cases, the policy embodied in Part 3(A) of the

Perez-Gonzales Memo.  It is therefore unnecessary to require Plaintiffs to exhaust their

administrative remedies before bringing their claims.

4.  In order to obtain a temporary restraining order, Plaintiffs must meet the standards for issuing

a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush Co., 240 F.3d 832, 839

n.7 (9th Cir. 2001).

5.  In order to obtain a preliminary injunction, Plaintiffs must meet either the Ninth Circuit's

"traditional" or "alternative" test. Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819,

822 (9th Cir. 1993).

6.  The traditional test requires the court to find the following:

> (1) the moving party will suffer irreparable injury if the relief is denied; (2)
> there is a strong likelihood that the moving party will prevail on the merits at
> trial; (3) the balance of potential harm favors the moving party; and (4) the
> public interest favors granting relief.

Id. (quoting Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987)).

7.  The "alternative" test requires the court to find either (1) a combination of probable success

on the merits and the possibility of irreparable injury if relief is not granted; or (2) that serious

questions are raised and the balance of hardships tips sharply in favor of the moving party. Id.

8.  The two prongs of the alternative test are not separate inquiries, but rather "extremes of a

single continuum."  Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813

(9th Cir. 2003).  A strong showing of hardship means that a plaintiff need not show as strong

a likelihood of success, and vice versa.

9.  The Court's ultimate decision on a motion for preliminary injunction is within its discretion.

Cassim, 824 F.2d at 796.

10.   The Court finds that Plaintiffs are likely to succeed on the merits of their claim that the directives in Part 3(A) of the <u>Perez-Gonzales</u> Memo violate the Ninth Circuit's decision in <u>Perez-Gonzales v. Ashcroft</u>, 379 F.3d 783 (9th Cir. 2004).  Although <u>Perez-Gonzales</u> did not explicitly address the issue of whether USCIS may reject Form I-212 applications on the grounds that an alien otherwise inadmissible under INA § 212(a)(9)(C)(i) had not remained outside the United States for at least ten years prior to his application, that is the necessary implication of the opinion.

11.   The Court finds that it is likely that Plaintiffs will suffer immediate and irreparable harm in the form of loss of eligibility to apply for adjustment of status under INA § 245(i) and potential removal or reinstatement of removal orders under INA § 241(a)(5).

12.   The Court finds that Defendants will suffer little hardship from preserving the status quo pending the resolution of Plaintiffs' preliminary injunction motion.  Any burden will only be administrative in nature.  For this reason, the Court finds that the balance of hardships weighs in favor of granting a temporary restraining order enjoining Defendants from enforcing Part 3(A) of the <u>Perez-Gonzales</u> Memo.

13.   The Court finds that it is not necessary to issue a decision on Plaintiffs' Motion to Certify a Class at this point.

**IV.  TEMPORARY RESTRAINING ORDER AND SHOW CAUSE ORDER**

IT IS HEREBY ORDERED that pending a ruling on Plaintiffs' motion for a preliminary injunction, defendants are enjoined from applying or enforcing the policy enumerated in Part 3(A) of the <u>Perez-Gonzales</u> Memo.[2]  Defendants therefore may not deny any I-212 applications in the Ninth

---

[2]      Part 3(A) states, in relevant part, as follows:

<u>Aliens Seeking Consent to Reapply Prior to Expiration of Required 10-Year Period</u>

Circuit on the grounds that the applicant is inadmissible under INA § 212(a)(9)(C)(i) and ten years have not elapsed since the applicant's last departure from the United States.  And defendants may not give any legal effect to any denied I-212 applications if: (a) the applicant was in the Ninth Circuit at the time of his or her application, (b) the application was denied between March 31st, 2006, and the date of this order, and (c) the application was denied on the grounds that the applicant was inadmissible under INA § 212(a)(9)(C)(i) and ten years had not elapsed since the applicant's last departure from the United States.

IT IS FURTHER ORDERED that Defendants shall appear before the Honorable Marsha J. Pechman on November 6th, 2006, at 4:00 p.m. to show cause why the injunctions and restrains sought in Plaintiffs' motion should not be entered in the form of a preliminary injunction for the remainder of this action, together with such other relief which the Court may deem appropriate.  Defendants' papers opposing the preliminary injunction must be filed no later than October 18th, 2006.  Plaintiffs' reply may be filed no later than October 27th, 2006.  Defendants' Response shall not exceed 24 pages. Plaintiffs' Reply shall not exceed 12 pages.  At the show cause hearing, each side shall have thirty (30) minutes to make its presentation, including rebuttal.  The Court will also consider Plaintiffs' Motion to Certify a Class at that time.

---

. . . [A]n alien inadmissible under section 212(a)(9)(C) of the Act cannot even file for consent to reapply for admission to the United States until he or she has been abroad for at least 10 years.

Therefore, in any case where an alien is inadmissible under section 212(a)(9)(C)(i) of the INA and 10 years have not elapsed since the date of the alien's last departure from the United States, USCIS should deny any Form I-212 requesting consent to reapply for admission.

1    This Order shall continue in effect until the Court issues an order on Plaintiffs' motion for a

2    preliminary injunction.

3        Dated this 11th day of October, 2006.

4

5

6    Marsha J. Pechman
     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TEMPORARY RESTRAINING ORDER - 8