UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AURELIO DURAN GONZALES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and MICHAEL CHERTOFF, Secretary of the Department of Homeland Security,<br><br>Defendants. | No. C06-1411P<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND CLASS CERTIFICATION |

**INTRODUCTION**

This matter comes before the Court on Plaintiffs' Motions for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 2-1) and for Class Certification (Dkt. No. 3). On October 11, 2006, after a hearing, the Court issued a Temporary Restraining Order enjoining the Defendants from applying or enforcing the policy that is at issue here. (Dkt. No. 22). The Court ordered the Defendants to show cause why the injunction should not be extended for the remainder of this action. The parties have filed additional briefs, and on October 6, 2006, a hearing was held on the order to show cause and the question of class certification. Having reviewed the parties' briefs and all

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 1

pertinent documents and exhibits, the Court GRANTS a preliminary injunction and CERTIFIES the class in this matter.

## FINDINGS OF FACT

The Court finds that Plaintiffs are aliens who have filed I-212 waiver applications within the jurisdiction of the Ninth Circuit in conjunction with their applications for adjustment of status under the Immigration and Nationality Act ("INA") § 245(i), 8 U.S.C. § 1255(i), prior to any final reinstatement determination under INA § 241(a)(5), 8 U.S.C. § 1231(a)(5). Plaintiffs are inadmissible under INA § 212(a)(9)(C)(i)(II) because they have been previously ordered removed and have entered or attempted to reenter without being admitted. Plaintiffs' I-212 applications have been or will be denied by United States Citizenship and Immigration Services ("USCIS") pursuant to Defendants' policy of denying I-212 applications where the applicant is inadmissible under INA § 212(a)(9)(C)(i) and ten years have not elapsed since the date of the applicant's last departure from the United States.

Defendant Department of Homeland Security ("DHS") is an executive agency of the United States. The Secretary of DHS is charged with the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of aliens. USCIS is a bureau of DHS and is responsible for adjudicating immigration and naturalization applications and establishing immigration services policies. Defendant Michael Chertoff is the Secretary of DHS. Plaintiffs are suing Mr. Chertoff in his official capacity.

On August 13, 2004, the Ninth Circuit issued <u>Perez-Gonzales v. Ashcroft</u>, 379 F.3d 783 (9th Cir. 2004). On March 31, 2006, USCIS issued an internal policy guidance entitled "Effect of <u>Perez-Gonzales v. Ashcroft</u> on adjudication of Form I-212 applications filed by aliens who are subject to

reinstated removal orders under INA § 241(a)(5)" ("Perez-Gonzales Memo").[1]  In Part 3(A) of the Perez-Gonzales Memo, Defendants issued the following directive:

> Aliens Seeking Consent to Reapply Prior to Expiration of Required 10-Year Period
>
> . . . [A]n alien inadmissible under section 212(a)(9)(C) of the Act cannot even file for consent to reapply for admission to the United States until he or she has been abroad for at least 10 years.
>
> Therefore, in any case where an alien is inadmissible under section 212(a)(9)(C)(i) of the INA and 10 years have not elapsed since the date of the alien's last departure from the United States, USCIS should deny any Form I-212 requesting consent to reapply for admission.

The Court finds that Defendants have applied this policy to the applications of named Plaintiffs Estrada, Banuelos, and Andrade.  Defendants denied each of these plaintiffs' I-212 applications on the grounds that these individuals did not qualify for consent to reapply because they are inadmissable under INA § 212(a)(9)(C)(i) and less than ten years have passed since their last departure from the United States.

**CONCLUSIONS OF LAW**

Plaintiffs request class certification and a preliminary injunction enjoining the Government from applying the policy enumerated in the Perez-Gonzales Memo to any member of the class during the remainder of this action.  Plaintiffs allege that the Memo conflicts with Perez-Gonzales and is unlawful.  The Government contends that its policy does not conflict with Perez-Gonzales, and alternatively, that Perez-Gonzales was wrongly decided and does not control here.  Defendants also

---

[1] In that memo, the Government disagreed with the Ninth Circuit's decision in Perez-Gonzales v. Ashcroft.  The Memo describes the Government's argument in Perez-Gonzales regarding the interplay among the at-issue statutory and regulatory provisions, and then states that "despite this statutory language, the Court in Perez-Gonzales held that an alien is entitled to a decision on a Form I-212, filed before the actual reinstatement of the prior removal order, before U.S. Immigration and Customs Enforcement (ICE) can execute the reinstated order. . . . This ruling, however, is limited only to aliens whose cases are governed by Ninth Circuit law." (Emphasis added.)

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 3

contend that the Court does not have jurisdiction and that Plaintiffs should be required to exhaust their administrative remedies.

A.  **Jurisdiction**

The Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331. Defendants argue that INA § 242(f), 8 U.S.C. § 1252(f), deprives the Court of jurisdiction. But that subsection does not limit or remove the Court's jurisdiction in this matter. INA § 242(f) provides as follows:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter . . . other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

Plaintiffs seek injunctive relief to preserve the status quo with respect to applications for adjustment of status, which are governed by part V of the INA (INA § 245(i), 8 U.S.C. 1255(i)), and I-212 waiver applications, which relate to part II of the INA (INA § 212, 8 U.S.C. 1182). Plaintiffs do not seek to directly "enjoin or restrain the operation of the provisions of part IV" of the INA.[2] Moreover, Plaintiffs are not seeking to enjoin the lawful application of the INA, but are seeking to enjoin violations of the Act. As the Ninth Circuit explained in Ali v. Ashcroft, INA § 242(f)(1) is inapplicable where petitioners "seek not to enjoin the operation of [the INA] but violations of the statute and to ensure that the provision is properly implemented." Ali v. Ashcroft, 346 F.3d 873, 886 (9th Cir. 2003), rev'd on other grounds, Ali v. Gonzales, 421 F.3d 795 (9th Cir. 2005) (internal quotation marks omitted).

---

[2]  The relief sought by Plaintiffs under parts II and V of the INA, if granted, will, under Perez-Gonzales, have the effect of impeding reinstatement proceedings under Part IV of the INA — INA § 241(a)(5), 8 U.S.C. § 1231(a)(5). But that effect is one step removed from the relief sought by Plaintiffs and therefore does not bring this action within the INA § 242(f) jurisdictional bar.

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 4

**B.      Exhaustion**

Defendants also argue that Plaintiffs have not exhausted their administrative remedies. But Plaintiffs are not required to exhaust their administrative remedies because INA § 212(a) and 8 C.F.R. § 212.2 do not require an administrative appeal. See Darby v. Cisneros, 509 U.S. 137, 154 (1993) ("[W]here the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review."); Chang v. U.S., 327 F.3d 911, 922 (9th Cir. 2003) ("Absent language foreclosing immediate judicial review, a district court's subject matter jurisdiction is unaffected by the availability of non-mandatory administrative procedures."). Moreover, "where [an] agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required." El Rescate Legal Services, Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 747-48 (9th Cir. 1992). Here, exhaustion is not mandatory and would be futile because Defendants have already stated, and applied in a number of cases, the policy embodied in Part 3(A) of the Perez-Gonzales Memo. It is therefore unnecessary to require Plaintiffs to exhaust their administrative remedies before bringing their claims.

**C.      Preliminary Injunction**

In order to obtain a preliminary injunction, Plaintiffs must meet either the Ninth Circuit's "traditional" or "alternative" test. Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir. 1993). The traditional test requires the court to find the following:

> (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and, depending on the nature of the case, (4) the public interest favors granting relief.

Id. (quoting Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987)).  The "alternative" test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party. Id.  The two prongs of the alternative test are not separate inquiries, but rather "extremes of a single continuum."  Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).  A strong showing of hardship means that a plaintiff need not show as strong a likelihood of success, and vice versa. Id.  The Court's ultimate decision on a motion for preliminary injunction is within its discretion. See Cassim, 824 F.2d at 796.

The statutory provisions at issue here include INA §§ 245(i), 241(a)(5), and 212(a)(9)(C).  INA § 245(i), 8 U.S.C. § 1255(i), allows, under certain conditions and upon the paying of a fee, an alien to adjust status notwithstanding the fact that she entered without inspection, overstayed, or worked without authorization and still remains in the United States.  The Attorney General may adjust the alien's status to that of a lawful permanent resident if, among other things, she is "admissible to the United States for permanent residence."  INA § 245(i)(2)(A).  The regulations that correspond to INA § 245 state that an applicant for adjustment of status must request permission to reapply for entry in conjunction with his or her § 245(i) application.  That request is made "by filing an application for permission to reapply, Form I-212." 8 C.F.R. § 212.2(e).

Under the "reinstatement provision," INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), if the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily under an order of removal, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [sections 231 through 250 of the Act], and the alien shall be removed under the prior order at any time after the reentry."

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 6

INA § 212(a), 8 U.S.C. § 1182(a), outlines the classes of aliens ineligible for admission. It also contains exceptions to those grounds of inadmissibility. In this case, the at-issue inadmissibility provision is INA § 212(a)(9)(C)(i)(II). INA § 212(a)(9)(C)(i)(II) makes inadmissible aliens who have been ordered removed and who enter or attempt to reenter without being admitted. Section 212(a)(9)(C) also contains an exception to this otherwise permanent ban on admissibility: an alien who is otherwise inadmissible under INA § 212(a)(9)(C)(i) is admissible if, more than ten years after the date of the alien's last departure from the U.S., and prior to reembarkation, the Attorney General consents to the alien's reapplying for admission. INA § 212(a)(9)(C)(ii). The question here is whether the Government's authority to grant an I-212 waiver in the context of a § 245(i) application is limited by the exception in INA § 212(a)(9)(C)(ii).

In <u>Perez-Gonzales v. Ashcroft</u>, 379 F.3d 783 (9th Cir. 2004), the Ninth Circuit addressed the tension among the statutory and regulatory provisions described above. In that case, the court considered whether the Government erred when it denied Mr. Perez-Gonzales' I-212 application and his application for adjustment of status under INA § 245(i). <u>Perez-Gonzales</u>, 379 F.3d at 787-95. Mr. Perez-Gonzales was inadmissible under various subsections of 212(a), including subsection (a)(9)(C). <u>Id.</u> at 785 & n.3. The court held that (1) the reinstatement provision was not impermissibly retroactive and therefore Mr. Perez-Gonzales would be subject to it; (2) Mr. Perez-Gonzales was not yet subject to the terms of the reinstatement provision because he had applied for a discretionary waiver to reapply for reentry after deportation or removal (Form I-212) pursuant to 8 C.F.R. § 212.2(e) before his prior deportation order was reinstated; (3) the INS erred when it rejected Mr. Perez-Gonzales' I-212 application on the grounds that he did not apply from outside the United States; and (4) the INS's error regarding the I-212 application was prejudicial because the other grounds of inadmissibility at INA § 212(a) do not categorically bar an application for adjustment of status. <u>Id.</u> at 787-95.

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 7

In determining that the INS's error was prejudicial, the court concluded that if the Government approved Mr. Perez-Gonzales' I-212 application, the approval would be retroactive, and his application for adjustment of status could not be denied on the grounds of inadmissibility under INA § 212(a)(9). Id. at 794.  The court did not read the exception to the § 212(a)(9)(C) ban as limiting the waiver available under 8 C.F.R. § 212.2(e).  The court explained that the statutory exception to the 212(a)(9)(C) ban on admissibility "d[id] not alter [its] analysis because it would not cover the class of aliens under 8 C.F.R. § 212.2, who have been previously removed and are currently in this country prior to seeking permission to reapply." Id. at 794 n.10.  The court therefore interpreted the statutory exception at § 212(a)(9)(C)(ii) as a different exception than the exception provided by the regulations invoked during a § 245(i) adjustment of status application.  Therefore, under Perez-Gonzales, an alien applying for an I-212 waiver under 8 C.F.R. § 212.2(e) in conjunction with a § 245(i) application for adjustment of status may seek a waiver from the entirety of § 212(a)(9)(C), including the ten year limitation.

As part of the court's reasoning, it rejected the agency's informal guidance that stated that aliens subject to § 212(a)(9)(B) and (C) of the Act "will be deemed inadmissible under that section of the Act for purposes of adjustment of status." Id. at 792. The court explained:

> The statutory terms of INA § 245(i) clearly extend adjustment of status to aliens living in this country without legal status. . . . Nothing in the statutory provisions regarding adjustment of status, nor in the discussion of its purposes, suggests that aliens who have been previously deported or removed are barred from this form of relief.

Id. at 793.  Because the court concluded that Mr. Perez-Gonzales met the requirements for receiving I-212 permission to reapply, it remanded to the agency for a new I-212 determination. Id. at 796.  It did so even though Mr. Perez-Gonzales was inadmissable under INA § 212(a)(9)(C) and had not remained outside the country for more than ten years since his last departure.  See id. at 796, 785.

The policy embodied at part 3(A) of the Perez-Gonzales Memo conflicts with the Ninth Circuit's decision in Perez-Gonzales. Although Perez-Gonzales did not explicitly state that the Government may not reject an I-212 application on the grounds that an alien otherwise inadmissible under INA § 212(a)(9)(C)(i) had not remained outside the United States for at least ten years prior to his application, that is the necessary implication of the opinion. As explained above, Perez-Gonzales strongly suggests that an applicant for adjustment of status under § 245(i) may seek a waiver from the entirety of INA § 212(a)(9)(C), including the ten year limitation. See Perez-Gonzales, 379 F.3d at 794 n.10. The fact that the court remanded to the agency to reconsider Mr. Perez-Gonzales' I-212 application, even though Mr. Perez-Gonzales had not been outside the country for ten years, further supports the Court's reading of Perez-Gonzales.

Defendants argue that Perez-Gonzales does not control here. First, Defendants argue that Perez-Gonzales did not decide the precise question that is at issue here. But in Matter of Torres-Garcia, the Board of Immigration Appeals ("BIA") specifically acknowledged that Perez-Gonzales decided that the statutory ten-year limitation did not limit an alien's ability to apply for a wavier of the § 212(a)(9)(C)(i) grounds of inadmissibility. Matter of Torres-Garcia, 23 I. & N. Dec. 866, 876 (BIA 2006) (rejecting Perez-Gonzales and holding that the Government cannot waive the INA § 212(a)(9)(C)(ii) ten-year limitation in the context of an application for adjustment of status). Because the BIA has recognized that Perez-Gonzales decided the at-issue question, the Government's position that Perez-Gonzales did not decide the question is unpersuasive.

Defendants also argue that the Perez-Gonzales Memo and the BIA's decision in Matter of Torres-Garcia deserve Chevron deference. Under the test explained by the Supreme Court in Chevron USA v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984), if Congress left a statutory gap and the agency has filled that gap with a reasonable interpretation of the statute, courts must defer to that reasonable interpretation. Here, the Court does not need to decide whether the

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 9

Memo and BIA decision deserve deference because the Ninth Circuit decided in <u>Perez-Gonzales</u> that Congress did not leave a statutory gap to be filled by the agency. As the court explained:

> Chevron deference is not applicable in this case because under <u>Chevron</u> a court must first analyze the law applying normal principles of statutory construction, and then defer to the agency if, after performing that analysis, it concludes that the statute is ambiguous or uncertain. As demonstrated in the discussion below, normal principles of statutory construction suffice.

<u>Perez-Gonzales</u>, 379 F.3d at 786 (internal quotation marks and citations omitted). Because the Court is bound by the Ninth Circuit's determination that the statute is unambiguous, the Court will not give <u>Chevron</u> deference to the <u>Perez-Gonzales</u> Memo or the BIA decision in <u>Torres-Garcia</u>.[3]

The Court concludes that, applying the Ninth Circuit's "alternative" test, a preliminary injunction is warranted in this case. Most importantly, Plaintiffs are likely to succeed on the merits of their claim that the policy embodied in Part 3(A) of the <u>Perez-Gonzales</u> Memo conflicts with the Ninth Circuit's decision in <u>Perez-Gonzales</u>. Moreover, if the injunction is not entered, Plaintiffs will suffer immediate and irreparable harm in the form of loss of eligibility to apply for adjustment of status under INA § 245(i), and potentially reinstatement of removal orders under INA § 241(a)(5). The potential harm to Plaintiffs outweighs any burden on the Government. Although the Court agrees that this injunction may be an administrative burden on the government, and although the Court recognizes that the Government has a legitimate interest in deterring aliens from repeatedly entering the United States illegally, the Court does not believe that these interests outweigh the interests of Plaintiffs in seeking relief under a Congressionally-enacted provision of the INA.

---

[3] The Court recognizes that some language in <u>Perez-Gonzales</u> suggests that the court found the statute to be ambiguous. The court stated that "[i]n the absence of a more complete agency elaboration of how its interpretation of § 212(a)(9) can be reconciled with its own regulations, [the court] must defer to the regulations rather than to the informal guidance memorandum." <u>Perez-Gonzales</u>, 379 F.3d at 794. Although this statement suggests that the court considered giving deference to the agency guidance, and therefore thought the statute unclear, it does not override the court's explicit conclusion that the statute is unambiguous and that <u>Chevron</u> does not apply. See <u>id.</u> at 786.

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 10

Defendants argue that Plaintiffs have a heightened burden here because they seek to change the status quo, rather than preserve it. Indeed, the Ninth Circuit has drawn a distinction between "prohibitory injunctions" that preserve the status quo and "mandatory injunctions" that seek to compel the non-moving party to perform an affirmative act. See Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994). A request for a mandatory injunction " 'goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored.' " Id. (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979)). Courts should therefore deny a request for a mandatory injunction "unless the facts and law clearly favor the moving party." Id. Here, Plaintiffs only seek to preserve the status quo — to stop the government from denying any I-212 applications on the basis of the policy embodied in the Perez-Gonzales Memo and to stop the government from giving any effect to already denied I-212 application. But even if Plaintiffs' request could be construed as seeking a mandatory injunction, because the facts and the law clearly favor Plaintiffs in this action, Plaintiffs have satisfied the additional burden.

For these reasons, the Court GRANTS Plaintiffs' request for a preliminary injunction.

**D.   Class Certification**

Under Fed. R. Civ. P. 23(a), Plaintiffs must show that the proposed class meets the prerequisites of (a) numerosity, (b) commonality, (c) typicality, and (d) adequacy of representation. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613 (1997). Plaintiffs must also show that they meet at least one of the requirements of Fed. R. Civ. P. 23(b). Id. at 614. Failure to adequately fulfill any of Rule 23's requirements will preclude certification of a proposed class action. Rutledge v. Elec. Hose & Rubber Co., 511 F.2d 668, 673 (9th Cir. 1975). The parties seeking certification bear the burden of demonstrating that all of the requisites set forth in Fed. R. Civ. P. 23 have been met. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).

**1. Fed. R. Civ. P. 23(a)**

    **a. Numerosity**

A proposed class meets the numerosity requirement if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Plaintiffs argue that, although they cannot ascertain the precise number of potential class members, they believe that there are hundreds of individuals who have submitted I-212 waiver applications that have been denied or will be denied for the same reasons outlined in the Perez-Gonzales Memo. Plaintiffs argue that the Government is uniquely positioned in this case to ascertain class membership. And Plaintiffs also argue that joinder is impracticable because of the geographic diversity of the class members, and the inability of the individual claimants to institute separate suits.

Defendants argue that Plaintiffs have not met their burden of showing numerosity and that they are not relieved of their burden in this situation.

In their reply, Plaintiffs submitted affidavits from six immigration attorneys in the Ninth Circuit. Those attorneys attest to the fact that they have, collectively, at least twenty-five (25) clients in California, Washington, and Idaho who have filed I-212 applications pursuant to the Ninth Circuit's decision in Perez-Gonzales in conjunction with an INA § 245(i) application where ten years have not elapsed since their last departure from the United States.[4] In addition, Plaintiffs submitted an affidavit from a legal assistant at the American Immigration Law Foundation's Legal Action Center in Washington, D.C., who states that over the past two months, at least 34 immigration attorneys have contacted her organization and indicated that their Ninth Circuit clients have been affected by the Government's I-212 policy that is being challenged in the instant case.

---

[4] The Court only counts those individuals mentioned whose I-212 applications are soon to be filed, are pending, or have been denied.

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 12

At oral argument, Defendants argued that the Court should not consider this additional evidence because it was submitted in Plaintiffs' reply. It is true that courts disfavor submission of new evidence in a reply brief. See Provenz v. Miller, 102 F.3d 1478 (9th Cir. 1996). But Defendants did not file a surreply to strike the material attached to Plaintiffs' reply brief as they could have under Local Rule 7(g). Moreover, Plaintiffs' evidence directly addresses Defendants' argument in their response that Plaintiffs had not met their burden of showing numerosity. The Court will therefore consider the evidence.

Plaintiffs have provided additional evidence that shows that the proposed class will be comprised of at least thirty-one (31) individuals (six named Plaintiffs plus at least twenty-five others similarly situated). The Court finds that there could be many other individuals who fit into the same category as the named Plaintiffs. In addition to the number of potential class members, the Court may consider "the geographic diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought." Jordan v. Co. of Los Angeles, 669 F.2d 1311, 1319 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). Here, the named Plaintiffs live in two different states — California and Washington. Plaintiffs have also identified additional potential class members who live in Idaho and Oregon. The Court also finds that at least some individuals affected by the Perez-Gonzales Memo will have difficulty instituting their own lawsuits because of financial ability, fear of challenging the Government, or a lack of understanding that a cause of action exists. And the Court finds that the class will grow as individuals continue to file I-212 applications. Finally, the Court notes that Plaintiffs seek injunctive and declaratory relief. In such cases, courts relax the numerosity requirement. See Goodnight v. Shalala, 837 F. Supp. 1564, 1583 (D. Utah 1993). The Court finds that the proposed class is sufficiently numerous for certification and that joinder of all of the plaintiffs in this action would be impracticable.

### b. Commonality

The commonality requirement is satisfied "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). Here there are questions of law and fact common to the proposed class. As Plaintiffs point out, the common facts are as follows: (1) class members are eligible for adjustment of status under INA § 245(i) but for their inadmissibility under INA § 212(a)(9)(C)(i)(II); (2) class members filed an I-212 application before any final reinstatement removal order under INA § 241(a)(5); (3) fewer than ten years have elapsed since the member's last departure from the United States; and (4) Defendants either have denied or will deny the class members' I-212 waiver applications. The common legal questions are whether Defendant's policy embodied in the Perez-Gonzales Memo violates Perez-Gonzales, the Immigration and Nationality Act, the Fifth Amendment, the Administrative Procedures Act, and general principles of administrative law. Because the named and unnamed Plaintiffs all raise the same legal and factual questions, there are issues that are common to the class.

### c. Typicality

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Ninth Circuit has held that Rule 23(a)(3) should be interpreted somewhat permissively and that "representative claims are 'typical' if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1997); see also Armstrong v. Davis, 275 F.3d 849, 869 (9th Cir. 2001) ("We do not insist that the named plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct."). Where there are common questions of law, the element of typicality is usually met. See Gen Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 158 n.13 (1982). Here, the claims

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 14

of the named Plaintiffs are typical of the claims of the potential class members because they all stem from the exact same legal question — whether the Government may reject an I-212 application on the grounds that the applicant is inadmissible under INA § 212(a)(9)(C)(i) and ten years have not passed since the applicant's date of last departure from the United States. Moreover, the injuries here are identical. In the cases of all named and potential plaintiffs, the Government has or will deny plaintiffs' I-212 waivers based on the policy embodied in the Perez-Gonzales Memo and that denial will disqualify them for adjustment of status.

Defendants assert that Plaintiffs cannot meet the commonality and typicality requirements because "the unrepresented portion of the class has significantly different claims and remedies than Named Plaintiffs." (Response at 9). Defendants base this assertion on an assumption that class members will include individuals inadmissible under INA § 212(a)(9)(C)(i)(I) as opposed to the named Plaintiffs, who are all inadmissible under INA § 212(a)(9)(C)(i)(II). It is unclear why Defendants have made this assumption. As Plaintiffs have explicitly stated, "Plaintiffs and all proposed class members are inadmissible under INA § 212(a)(9)(C)(i)(II) for reentry after removal." (Reply at 8).

Because the claims of the named Plaintiffs are co-extensive with the legal claims of the potential class members, the Court finds that the element of typicality are met.

### d. Adequacy of Representation

The fourth and final prong of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order to satisfy this prong, Plaintiffs must show that the named Plaintiffs do not have any conflicts of interest with other class members and that the named Plaintiffs and counsel will vigorously prosecute the case. Hanlon, 150 F.3d at 1020. Here, there is no question that Plaintiffs' counsel is experienced and well-suited to provide adequate representation. But Defendants argue that Plaintiffs have not shown that the claims

ORDER GRANTING PRELIMINARY INJUNCTION AND CLASS CERTIFICATION - 15

of the named Plaintiffs and potential class members are interrelated enough to assure that the interests of all class members will be fairly and adequately protected. As explained above, the Court finds that Defendants argument in this regard is without basis. Therefore, because there are no conflicts of interest, and because Plaintiffs and their counsel have been prosecuting this action vigorously and competently, the Court finds that Plaintiffs have satisfied their burden of showing adequacy of representation.

**2. Fed. R. Civ. P. 23(b)**

Plaintiffs contend that this action meets the requirements of Rule 23(b)(2) — that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." In their response, Defendants state that they "do not contend that Plaintiffs fail to meet the requirements of Rule 23(b)(2)." The Court therefore finds that Plaintiffs have met their burden in this regard.

**3. Class Definition**

The Court hereby certifies a class in this matter to include:

(a) Individuals who are inadmissible under INA § 212(a)(9)(C)(i)(II) and have filed an I-212 waiver application within the jurisdiction of the Ninth Circuit in conjunction with their application for adjustment of status under INA § 245(i), prior to any final reinstatement of removal determination, where USCIS denied the I-212 application because 10 years had not elapsed since the date of the applicant's last departure from the United States; and

(b) Individuals who are inadmissible under INA § 212(a)(9)(C)(i)(II) and have filed or will file an I-212 waiver application within the jurisdiction of the Ninth Circuit in conjunction with their application for adjustment of status under INA § 245(i), prior to any final reinstatement of removal determination, where USCIS has not yet adjudicated the application but where USCIS will deny their I-212 application on the grounds that 10 years have not elapsed since the date of the applicant's last departure from the United States.

# CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' Motion to Certify a Class. Moreover, IT IS HEREBY ORDERED that Defendants are enjoined from applying or enforcing the policy enumerated in Part 3(A) of the Perez-Gonzales Memo against any member of the class for the remainder of this action. Defendants therefore may not deny any I-212 applications in the Ninth Circuit on the grounds that the applicant is inadmissible under INA § 212(a)(9)(C)(i) and ten years have not elapsed since the applicant's last departure from the United States. And defendants may not give any legal effect to any denied I-212 applications if: (a) the applicant was in the Ninth Circuit at the time of his or her application, (b) the application was denied between August 13, 2004 (the date Perez-Gonzales was filed) and the date of this Order, and (c) the application was denied solely on the grounds that the applicant was inadmissible under INA § 212(a)(9)(C)(i) and ten years had not elapsed since the applicant's last departure from the United States.

The preliminary injunction shall continue in effect until the Court issues a final judgment in this action.

Dated this 13th day of November, 2006.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge