IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

Aurelio DURAN GONZALEZ, et al.,

                Plaintiffs,

       v.

U.S. DEPARTMENT OF HOMELAND
SECURITY and Janet NAPOLITANO,
Secretary of the Department of Homeland
Security,

                Defendants.

Case No. C06-1411-MJP

ORDER DENYING
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiffs' first amended motion for provisional class

certification, temporary restraining order, and preliminary injunction. (Dkt. No. 47.) The Court has

reviewed Plaintiffs' motion, Defendants' response (Dkt. No. 49), Plaintiffs' reply (Dkt. No. 52), and

all other pertinent documents in the record. On January 23, 2009, this Court granted in part

Plaintiffs' motion for a temporary restraining order. (Dkt. No. 53.) Upon a closer examination of

the law and facts of this case, the Court now DENIES Plaintiffs' motion for a preliminary injunction.

**Background**

On September 28, 2006, Plaintiffs filed a complaint alleging that Defendants' internal

policies ran counter to the Ninth Circuit decision in Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th

Cir. 2004). (Compl. at ¶ 1.) At the time, Defendants had instructed its immigration officers to deny

ORDER - 1

applications for "Permission to Reapply for Admission After Deportation or Removal" (hereinafter "I-212 application") where ten years had not passed since the applicant's last departure. (<u>Id.</u> at ¶ 2.)

There are several statutory provisions at issue in Plaintiffs' complaint. First, INA § 245(i), 8 U.S.C. § 1255(i) allows an alien to adjust his status notwithstanding the fact that he entered without inspection, overstayed, or worked without authorization and remains in the United States. Under § 245(i)(2)(A), the Attorney General has the authority to adjust an alien's status where that alien is admissible for permanent residence. The corresponding regulations state that an applicant for readjustment must request permission to reapply for entry using a Form I-212. <u>See</u> 8 C.F.R. § 212.2(e). Second, INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), provides that where the Attorney General finds an alien who reenters illegally after removal or voluntary departure pursuant to an order of removal, the original order of removal is reinstated from its original date and the alien is not eligible for several types of relief, including under § 245(i). Third, INA § 212(a), 8 U.S.C. § 1182(a), delineates the classes of aliens who are ineligible for admission and provides exceptions to those classes. INA § 212(a)(9)(C)(i)(II) sets forth the general rule that aliens who have been ordered removed and who reenter are inadmissible. However, INA § 212(a)(9)(C)(ii) provides that an alien who is otherwise inadmissible under § 212(a)(9)(C)(i) is admissible if, more than ten years after the date of the alien's last departure and prior to re-embarkation, the Attorney General consents to the alien's reapplication.

The question presented by Plaintiffs' complaint is whether the exception codified in § 212(a)(9)(C)(ii) limits the Government's authority to grant an I-212 waiver in the context of a § 245(i) application. In <u>Perez-Gonzalez v. Ashcroft</u>, the Ninth Circuit considered the tension between the provisions where the government denied an I-212 application and application for adjustment of status under § 245(i). 379 F.3d 783, 788-791 (9th Cir. 2004). Though Mr. Perez-

ORDER - 2

Gonzalez was inadmissible under § 212(a)(9)(C), the court held the INS erred when it rejected his I-212 application on the grounds that he did not apply from outside the United States. Id. at 789-90. In so holding, the court disagreed with the INS's interpretation of the relevant statutes and found that the alien who illegally reentered was not barred from seeking status adjustment by the statute that reinstated prior orders of deportation. Id.

Following the decision, the INS issued an internal memorandum that conflicted with the Ninth Circuit's holding in Perez-Gonzalez. (See Dkt. No. 22, Ex. 2) Relying on the Board of Immigration Appeals' decision In re Torres Garcia, 23 I & N Dec. 866, 873 (BIA 2006), the memorandum directed field officers that an alien inadmissible under § 212(a)(9)(C) could not file for consent to reapply until that alien had lived abroad for 10 years. (Id.) Plaintiffs filed suit to challenge that memorandum and this Court granted a preliminary injunction based on Plaintiffs' likely success on the merits of its claim. (See Dkt. No. 29.) The Court also certified a class defined as:

> (a) Individuals who are inadmissible under INA § 212(a)(9)(C)(i)(II) and have filed an I-212 waiver application within the jurisdiction of the Ninth Circuit in conjunction with their application for adjustment of status under INA § 245(i), prior to any final reinstatement of removal determination, where USCIS denied the I-212 application because 10 years had not elapsed since the date of the applicant's last departure from the United States; and
> (b) Individuals who are inadmissible under INA § 212(a)(9)(C)(i)(II) and have filed or will file an I-212 waiver application within the jurisdiction of the Ninth Circuit in conjunction with their application for adjustment of status under INA § 245(i), prior to any final reinstatement of removal determination, where USCIS has not yet adjudicated the application but where USCIS will deny their I-212 application on the grounds that 10 years have not elapsed since the date of the applicant's last departure from the United States.

(Dkt. No. 29 at 16.) The Court enjoined Defendants from applying or enforcing a part of the challenged memorandum against members of the class. (Dkt. No. 34 at 1.) Defendants appealed the Court's order granting a preliminary injunction.

ORDER - 3

On November 30, 2007, the Ninth Circuit vacated this Court's preliminary injunction based on the Supreme Court's holding in National Cable & Telecommunications Ass'n v. Brand X Internet Services.  Duran Gonzalez v. Dept. of Homeland Security, 508 F.3d 1227, 1235 (9th Cir. 2007)(citing Brand X, 545 U.S. 967 (2005))  In Brand X, the Supreme Court held that courts must apply Chevron deference to an agency's interpretation of a statute "regardless of a circuit court's prior precedent, provided that the court's earlier precedent was an interpretation of statutory ambiguity." Id. at 1235-36 (citing Brand X).  After determining that Perez-Gonzalez had indeed involved the interpretation of an ambiguous statute, the court determined that the agency's statutory interpretation in Torres-Garcia was reasonable and entitled to Chevron deference.  Torres-Garcia provided that an alien who reentered without permission became permanently inadmissible under § 212(a)(9)(C)(i)(II) and was ineligible to seek a I-212 waiver because he had not complied with the 10 year exception codified in § 212(a)(9)(C)(ii). See 23 I & N Dec. at 873. The opinion specifically found that "the very concept of retroactive permission to reapply for admission, i.e., permission requested after unlawful reentry, contradicts the clear language of section 212(a)(9)(C), which in its own right makes unlawful reentry after removal a ground of inadmissibility that can only be waived after the passage of 10 years." Id. at 874-75 (citations omitted).  The Ninth Circuit's opinion in this matter provided:

> Pursuant to In re Torres-Garcia, plaintiffs as a matter of law are not eligible to readjust their status because they are ineligible to receive I-212 waivers. Accordingly, the plaintiffs have no likelihood of success on the merits of their suit, and the preliminary injunction is vacated.

Duran Gonzalez, 508 F.3d at 1242.  On January 16, 2009, more than a year after issuing its written opinion, the Ninth Circuit denied Plaintiffs' motion for rehearing en banc.  The court issued its mandate at 3:53 p.m. on January 23, 2009. See Case No. 07-35021.  In anticipation of the mandate,

ORDER - 4

Plaintiffs filed the present motion. (See Dkt. No. 47.) At 4:00 p.m. on January 23, 2009, the Court

heard argument on Plaintiffs' motion. Having re-acquired jurisdiction over the matter only minutes

before the hearing, the Court asked counsel for time to review the supporting material. Because

counsel for Defendants was unwilling to provide assurances that the Government would not proceed

with adjudicating class members' applications until after the Court reviewed the materials, the Court

granted Plaintiffs' request for a temporary restraining order. (Dkt. No. 53.) The Court found that

Plaintiffs were entitled to a TRO in light of the permanent harm they would suffer if their

applications were processed before the Court could analyze the merits of Plaintiffs' legal arguments.

Pursuant to Fed. R. Civ. P. 65(b)(2), the TRO expires on Friday, February 6, 2009. After reviewing

the parties' submissions, the Court heard additional argument on February 2, 2009. First, Plaintiffs

ask the Court to provisionally certify a modified class. Second, Plaintiffs ask the court to grant a

preliminary injunction preventing Defendants from denying pending I-212 applications.

### Discussion

Plaintiffs present a variety of challenges to the retroactive application of the judicial and

agency decisions at issue. They seek an injunction to prevent the retroactive application of Duran

Gonzalez and other related decisions.

I. Preliminary Injunction Standard

In order to obtain a preliminary injunction, Plaintiffs must satisfy either the Ninth Circuit's

"traditional" or "alternative" test. See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822

(9th Cir. 1993). The traditional test is satisfied when:

> (1) the moving party will suffer irreparable injury if the relief is denied; (2) the
> moving party will probably prevail on the merits; (2) the balance of potential harm
> favors the moving party; and depending on the nature of the case, (4) the public
> interest favors granting relief.

ORDER - 5

Id. (citing Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987)).  The alternative test requires a

moving party to demonstrate either:

> (1) a combination of probable success on the merits and the possibility of irreparable
> injury if relief is not granted; or (2) the existence of serious questions going to the
> merits and that the balance of hardships tips strongly in its favor.

 Id.  The two aspects of the alternative test are not separate inquiries, but rather opposite ends of a

single spectrum.  See Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th

Cir. 2003).  The Court will begin its analysis by evaluating the merits of Plaintiffs' challenge.

   II.  Likelihood of Success on the Merits

     Plaintiffs argue that they raise substantial questions as to whether Brand X, Torres-Garcia, or

Duran Gonzalez can be applied retroactively.   The Court examines each contention in turn to

determine whether there are serious questions on the merits.

          a.   Retroactivity challenge to Brand X

     First, Plaintiffs argue that Brand X raises special retrospectivity issues because it involves an

agency's interpretation of a statute.  (Dkt. No. 47 at 10-12.)   As the Court reads the motion,

Plaintiffs suggest that agencies lack the power to execute the "declaratory function" inherent in

judicial interpretations of statutes.   (Id. at 10.)   However, Brand X does not allow agencies to usurp

the judicial declaratory function.  Rather, it provides that agency interpretations are entitled to

Chevron deference.  See Brand X, 545 U.S. at 985.  In other words, Article III courts still have the

final say as to how federal statutes should be interpreted.  While Plaintiffs are correct in observing a

factual distinction between traditional statutory interpretation and interpretation based on deference

to an agency, they fail to demonstrate why this distinction compels a court to depart from the

traditional presumption of retroactivity.  See 18 Moore's Federal Practice § 134.06[2] ("In general,

judicial decisions that are to be given binding precedential effect are retroactive in the sense that they

ORDER - 6

apply as precedent to all future cases, including cases pending at the time the precedent was created.") The Court does not believe that Plaintiff is likely to succeed on the merits of this argument.

    b.  Retroactivity challenge to Torres-Garcia

Second, Plaintiffs assert that Montgomery Ward & Co. v. FTC, 691 F.2d 1322 (9th Cir. 1982), enables them to challenge the applicability of the agency's interpretation of the statute to those who filed their I-212 applications in reliance on Perez-Gonzalez. (Dkt. No. 47 at 16-17.) In Montgomery Ward, the Ninth Circuit articulated a test to determine the retroactive application of an agency's own adjudicatory decision. 691 F.2d at 1333. Based on this test, Plaintiffs argue that the BIA's decision in Torres-Garcia cannot be applied retroactively to those individuals who filed I-212 applications in the time frame between Perez-Gonzalez and Torres-Garcia. (Dkt. No. 47 at 17.) Defendants simply ignore this argument and fail to address Montgomery Ward in their response. Nevertheless, Plaintiffs' argument fails in light of the plain language of the Ninth Circuit's opinion in this matter. The Circuit Court stated conclusively that the BIA's interpretation of the statute applied to Plaintiffs. See Duran Gonzalez, 508 F.3d at 1242 ("[W]e hold today that we are bound by the BIA's interpretation of the applicable statutes in In re Torres-Garcia . . . "). The retroactive application of Torres Garcia is simply not an open question before this Court.

    c.  Retroactivity challenge to Duran Gonzalez

Third, Plaintiffs suggest that the Ninth Circuit's silence on the retroactivity of its own decision raises the possibility it should be given purely-prospective effect. (Dkt. No. 47 at 13.) The Supreme Court has held that when it "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review." Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993)(citations

ORDER - 7

omitted).  The only exception arises when the court expressly reserves or addresses the question of

retrospective application.  Id. at 97-98.  Contrary to Plaintiffs' argument, the Ninth Circuit's silence

on the retroactivity of its decision requires this Court to assume that it carries full retrospective

effect.

Plaintiffs' analogies to George v. Camacho, 119 F.3d 1393 (9th Cir. 1997), and Zazueta-

Carrillo v. Ashcroft, 322 F.3d 1166 (9th Cir. 2003), do not support their argument.  In George, the

Ninth Circuit decided it would not apply a newly announced interpretation of the Federal Rules of

Appellate Procedure retrospectively.  119 F.3d at 1400-01.  Applying the test presented in Chevron

Oil,[1] the court determined it would be inequitable to bar the appellant from presenting her case

where she had relied on a previous Ninth Circuit opinion announcing the deadline to file an appeal

from the Northern Mariana Islands.  Id. at 1401 (citing Chevron Oil Co v. Huson, 404 U.S. 97, 106-

07(1971)).  George is distinguishable because the court that announced the new procedural rule was

also the one that decided to apply it prospectively.   This Court did not announce Duran Gonzalez

and must therefore abide by the presumption that it carries retroactive effect.  Harper, 509 U.S. at

97-98.  In Zazueta-Carrillo, the court analyzed retroactivity in the context of a statutory change that

altered its jurisdiction.  322 F.3d at 1172.  The retroactivity concerns in that case were different

because it analyzed a statutory shift and legislative action is presumptively prospective.  Unlike the

situation in Zazueta-Carrillo, there is no suggestion that there have been any legislative changes to

the applicable statutes in this matter.

Ultimately, Plaintiffs paint the issue of retrospectivity with too broad a brush stroke.  This

Court is bound by the plain language of the Ninth Circuit's opinion and cannot stay the mandate of

---

[1] The Court is aware that the Supreme Court has repudiated Chevron Oil.  See Harper, 509 U.S. at 96-97
(suggesting a "ban against the 'selective application of new rules.'").

ORDER - 8

that court. The Court finds that Plaintiffs' fail to raise serious questions on the merits of their

retroactivity challenge. Because the Court finds that Plaintiffs have not presented a likelihood of

success on the merits, it need not analyze the other factors required for injunctive relief. See Int'l

Jensen, 4 F.3d at 822.

### Conclusion

The Court is acutely aware of the harm Plaintiffs are likely to bear as a result of its decision.

Nevertheless, the opinion of the Ninth Circuit in this matter precludes Plaintiffs from challenging its

retrospective application. Accordingly, Plaintiffs' motion for provisional class certification and

injunctive relief is DENIED IN PART. The Court reserves the issue of class amendment until

Plaintiffs' motion to amend class certification (Dkt. No. 46) is fully briefed. It is SO ORDERED.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated this 6th day of February, 2009.


Marsha J. Pechman
United States District Judge

ORDER - 9