UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Aurelio DURAN GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and JANET NAPOLITANO, Secretary of the Department of Homeland Security,<br><br>Defendants. | Case No. C06-1411MJP<br><br>ORDER ON PLAINTIFFS' MOTION TO AMEND CLASS CERTIFICATION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

This matter comes before the Court on Plaintiffs' motions for leave to file an amended complaint and to amend and redefine class. (Dkt. Nos. 45, 46.) The Court has considered the motions, the responses (Dkt. Nos. 60, 61), the replies (Dkt. No. 62, 63.), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Plaintiffs' motions.

**Background**

On September 28, 2006, Plaintiffs filed a complaint alleging that Defendants' internal policies ran counter to the Ninth Circuit decision in Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir. 2004). (Compl. at ¶ 1.) At the time, Defendants had instructed its immigration officers to deny applications for "Permission to Reapply for Admission After Deportation or Removal" (hereinafter "I-212 application") where ten years had not passed since the applicant's last departure. (Id. at ¶ 2.)

ORDER - 1

There are several statutory provisions at issue in Plaintiffs' complaint.  First, INA § 245(i), 8 U.S.C. § 1255(i) allows an alien to adjust his status notwithstanding the fact that he entered without inspection, overstayed, or worked without authorization and remains in the United States.  Under § 245(i)(2)(A), the Attorney General has the authority to adjust an alien's status where that alien is admissible for permanent residence.  The corresponding regulations state that an applicant for readjustment must request permission to reapply for entry using a Form I-212.  See 8 C.F.R. § 212.2(e).  Second, INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), provides that where the Attorney General finds an alien who reenters illegally after removal or voluntary departure pursuant to an order of removal, the original order of removal is reinstated from its original date and the alien is not eligible for several types of relief, including under § 245(i).  Third, INA § 212(a), 8 U.S.C. § 1182(a), delineates the classes of aliens who are ineligible for admission and provides exceptions to those classes.  INA § 212(a)(9)(C)(i)(II) sets forth the general rule that aliens who have been ordered removed and who reenter are inadmissible.  However, INA § 212(a)(9)(C)(ii) provides that an alien who is otherwise inadmissible under § 212(a)(9)(C)(i) is admissible if, more than ten years after the date of the alien's last departure and prior to re-embarkation, the Attorney General consents to the alien's reapplication.

The question presented by Plaintiffs' complaint is whether the exception codified in § 212(a)(9)(C)(ii) limits the Government's authority to grant an I-212 waiver in the context of a § 245(i) application.  In Perez-Gonzalez v. Ashcroft, the Ninth Circuit considered the tension between the provisions where the government denied an I-212 application and application for adjustment of status under § 245(i).  379 F.3d 783, 788-791 (9th Cir. 2004).  Though Mr. Perez-Gonzalez was inadmissible under § 212(a)(9)(C), the court held the INS erred when it rejected his I-212 application on the grounds that he did not apply from outside

the United States. Id. at 789-90. In so holding, the court disagreed with the INS's interpretation of the relevant statutes and found that the alien who illegally reentered was not barred from seeking status adjustment by the statute that reinstated prior orders of deportation. Id.

Following the decision, the INS issued an internal memorandum that conflicted with the Ninth Circuit's holding in Perez-Gonzalez. (See Dkt. No. 22, Ex. 2) Relying on the Board of Immigration Appeals' decision In re Torres-Garcia, 23 I & N Dec. 866, 873 (BIA 2006), the memorandum directed field officers that an alien inadmissible under § 212(a)(9)(C) could not file for consent to reapply until that alien had lived abroad for 10 years. (Id.) Plaintiffs filed suit to challenge that memorandum and this Court granted a preliminary injunction based on Plaintiffs' likely success on the merits of its claim. (See Dkt. No. 29.) The Court also certified a class defined as:

> (a) Individuals who are inadmissible under INA § 212(a)(9)(C)(i)(II) and have filed an I-212 waiver application within the jurisdiction of the Ninth Circuit in conjunction with their application for adjustment of status under INA § 245(i), prior to any final reinstatement of removal determination, where USCIS denied the I-212 application because 10 years had not elapsed since the date of the applicant's last departure from the United States; and
> (b) Individuals who are inadmissible under INA § 212(a)(9)(C)(i)(II) and have filed or will file an I-212 waiver application within the jurisdiction of the Ninth Circuit in conjunction with their application for adjustment of status under INA § 245(i), prior to any final reinstatement of removal determination, where USCIS has not yet adjudicated the application but where USCIS will deny their I-212 application on the grounds that 10 years have not elapsed since the date of the applicant's last departure from the United States.

(Dkt. No. 29 at 16.) The Court enjoined Defendants from applying or enforcing a part of the challenged memorandum against members of the class. (Dkt. No. 34 at 1.) Defendants appealed the Court's order granting a preliminary injunction.

On November 30, 2007, the Ninth Circuit vacated this Court's preliminary injunction based on the Supreme Court's holding in National Cable & Telecommunications Ass'n v. Brand X Internet Services. Duran Gonzalez v. Dept. of Homeland Security, 508 F.3d 1227, 1235 (9th Cir. 2007) (citing Brand X, 545 U.S. 967 (2005)). In Brand X, the Supreme Court held that courts must apply Chevron deference to an agency's interpretation of a statute "regardless of a circuit court's prior precedent, provided that the court's earlier precedent was an interpretation of statutory ambiguity." Id. at 1235-36 (citing Brand X). After determining that Perez-Gonzalez had indeed involved the interpretation of an ambiguous statute, the court determined that the agency's statutory interpretation in Torres-Garcia was reasonable and entitled to Chevron deference. Torres-Garcia provided that an alien who reentered without permission became permanently inadmissible under § 212(a)(9)(C)(i)(II) and was ineligible to seek a I-212 waiver because he had not complied with the 10 year exception codified in § 212(a)(9)(C)(ii). See 23 I & N Dec. at 873. The BIA opinion specifically found:

> the very concept of retroactive permission to reapply for admission, i.e., permission requested after unlawful reentry, contradicts the clear language of section 212(a)(9)(C), which in its own right makes unlawful reentry after removal a ground of inadmissibility that can only be waived after the passage of 10 years."

Id. at 874-75 (citations omitted). The Ninth Circuit's opinion in this matter provided:

> [W]e vacate the district court's order because we hold today that we are bound by the BIA's interpretation of the applicable statutes in In re Torres-Garcia, even though that interpretation differs from our prior interpretation in Perez-Gonzalez. Pursuant to In re Torres-Garcia, plaintiffs as a matter of law are not eligible to readjust their status because they are ineligible to receive I-212 waivers. Accordingly, the plaintiffs have no likelihood of success on the merits of their suit, and the preliminary injunction is vacated.

Duran Gonzalez, 508 F.3d at 1242. On January 16, 2009, more than a year after issuing its written opinion, the Ninth Circuit denied Plaintiffs' motion for rehearing en banc.

Plaintiffs filed a motion for a temporary restraining order and preliminary injunction in anticipation of the Ninth Circuit's mandate. (Dkt. No. 47.) At the same time, Plaintiffs filed the present motions. (Dkt. Nos. 45, 46.) In their motion for injunctive relief, Plaintiffs argued that it was unclear whether the Ninth Circuit's decision in this matter should carry retroactive effect. (Dkt. No. 47 at 13.) In other words, Plaintiffs argued that the Ninth Circuit's adoption of <u>Torres-Garcia</u> should only apply prospectively, and not to the parties before the Court. After initially granting Plaintiffs' request for a TRO, this Court denied the motion for a preliminary injunction. (Dkt. Nos. 53, 59.) The Court found that Plaintiff could not demonstrate a likelihood of success on the merits in challenging the retroactive effect of <u>Brand X</u>, <u>Torres-Garcia</u>, or <u>Duran Gonzalez</u>. (Dkt. No. 59 at 6-9.) In denying the injunction, this Court stated "the Ninth Circuit's silence on the retroactivity of its decision requires this Court to assume that it carries full retrospective effect." (<u>Id.</u> at 8.)

**Discussion**

First, Plaintiffs move to amend their complaint to add retroactivity challenges. Second, Plaintiffs ask the Court to decrease the size of the class to enable its retroactivity challenges.

I. Motion for Leave to File Amended Complaint

Pursuant to Fed. R. Civ. P. 15(a)(2), a district court may grant a plaintiff leave to file an amended pleading "when justice so requires." Though the Court must grant leave liberally, it may be denied where amendment would be futile. <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962) (absent compelling reason, such as the "futility of amendment," leave should be granted); <u>Leadsinger, Inc. v. BMG Music Pub.</u>, 512 F.3d 522, 532 (9th Cir. 2008) (citations omitted) (affirming denial of leave where amendment would not save a complaint). Defendants argue, and the Court agrees, that amending the complaint would be futile. (Dkt. No. 61 at 5.)

Plaintiffs' original complaint asserted claims for (1) failure to adhere to precedent, (2) violations of the INA, (3) violations of the APA, and (4) relief under the Mandamus Act.

ORDER - 5

(Compl. ¶¶ 30-39.) Plaintiffs' proposed amended complaint asserts claims for (1) the improper retroactive application of Duran Gonzalez and (2) the improper retroactive application of Torres-Garcia. (Dkt. No. 45-2 at ¶¶ 33-36.) In essence, Plaintiffs seek to challenge the applicability of the Ninth Circuit's decision in this matter to its own class members. (Dkt. No. 45 at 2 ("the new rules in Duran-Gonzalez cannot be applied retroactively to class members . . .").) As the Court has already explained in the Order denying injunctive relief, judicial decisions have a presumptively retroactive effect. (Dkt. No. 59 at 7 (citing Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 93 (1993)).) Plaintiffs' are mistaken to construe the Ninth Circuit's silence on the issue of retroactivity as an indication the decision should only carry prospective effect. Because the issue of retroactivity is "simply not an open question before this Court," it would be futile for Plaintiffs' to amend their complaint at this time. (Id. at 7.)

II. Motion to Amend and Redefine Class

A class certification order may be amended prior to entry of a final judgment. Fed. R. Civ. P. 23(c)(1)(C). Class modification may be appropriate "in light of subsequent developments in the litigation." Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982). Plaintiffs seek to modify the class so it "consists only of those who filed I-212 applications before the Duran-Gonzalez decision, and does not include those who either filed after that date, or who have not yet filed (as the current class definition does)." (Dkt. No. 62 at 3.) Plaintiffs propose that modification is appropriate to allow the putative class to assert a retroactivity challenge. (Dkt. No. 62 at 2.) However, the Court has already ruled on the merits of that challenge and is bound by the Ninth Circuit's ruling that all class members "as a matter of law are not eligible to adjust their status because they are ineligible to receive I-212 waivers." Duran Gonzalez, 508 F.3d at 1242. In other words, the developments in this matter since certification preclude modification because Plaintiffs' ultimate relief is unavailable.

III. Further Proceedings

Plaintiffs' two motions were the only two questions remaining before the Court. The facts of this case are not in dispute and the legal questions have been resolved in the Court's Order denying injunctive relief. (Dkt. No. 59.) Plaintiffs and Defendants agree that there are no legal questions remaining upon resolution of these motions. (<u>See</u> Dkt. No. 63 at 2.) Because there are no remaining issues for consideration, the Court will enter judgment for Defendants upon entry of this Order.

**Conclusion**

The Court is cognizant of the harm Plaintiffs bear as a result of the Order denying injunctive relief. However, Plaintiffs' redress lies in appeal, not in class modification or in an amended complaint. The Court therefore DENIES Plaintiffs' motion to amend their complaint and DENIES Plaintiffs' motion for class modification. (Dkt. Nos. 45, 46.)

The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED this 27th day of February, 2009.

Marsha J. Pechman
United States District Judge